# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TINA R. BLAKE,
          Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
          Agency.

DOCKET NUMBER
DA-0752-16-0280-I-1

DATE: September 23, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Curtis Mitchell, Jr., Midwest City, Oklahoma, for the appellant.

Telin W. Ozier, Esquire, Midwest, Oklahoma, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as MODIFIED by this Final Order, we AFFIRM the initial decision. Specifically, we MODIFY the initial decision to correct the administrative judge's finding that the appellant's appeal was due on January 10, 2016. Because January 10, 2016 was a Sunday, the appeal was actually due on January 11, 2016, the next day on which the Board was open for business.

¶2      By notice dated December 10, 2015, and effective that same day, the agency removed the appellant from her GS-5 Secretary (Office Automation) position based on alleged misconduct. Initial Appeal File (IAF), Tab 6 at 35‑40. After attempting to file an appeal on January 19, 2016, which the Dallas Regional Office returned to her as defective, the appellant filed an appeal on March 18, 2016. IAF, Tabs 1-2. The administrative judge issued an Order on Timeliness in which she informed the appellant that her appeal appeared to be untimely filed and directed her to file evidence and argument showing that her appeal was timely filed or that good cause existed for the delay in filing. IAF, Tab 4. After considering the parties' responses, the administrative judge found that the appeal was untimely filed and that the appellant failed to show good cause. IAF, Tab 16, Initial Decision (ID) at 4-7. She therefore dismissed the appeal. *Id.* at 1, 8. The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 1.

¶3      An appeal must be filed no later than 30 days after the effective date of the adverse action being appealed, or 30 days after the date of receipt of the agency's

decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). The appellant's removal was effective December 10, 2015. IAF, Tab 6 at 35. Therefore, if the appellant received the notice of decision on or before its effective date, the deadline for filing her appeal was January 11, 2016.[2] The appellant contended that she did not receive a copy of the agency's decision until the agency submitted it during her state unemployment proceedings. IAF, Tab 9 at 2. In her appeal, she identified the date of receipt as February 17, 2016. IAF, Tab 2 at 3.

¶4 The agency submitted tracking data from the U.S. Postal Service showing that it mailed the decision notice via certified mail to the appellant's address of record on December 10, 2015, and that the notice was received and signed for on December 11, 2015. IAF, Tab 14 at 5. The appellant contended that she did not receive this document and neither she nor anyone else at her residence signed for it. IAF, Tab 13 at 2. However, the tracking data is corroborated by a contemporaneous email in which one agency military officer reported to another military officer that the appellant reported for duty on December 14, 2015, "even though she received the certified removal notice this weekend." IAF, Tab 6 at 33.

¶5 The administrative judge found, and we agree, that the agency's evidence that it mailed the notice on December 10, 2015, and the appellant received it on December 11, 2015, outweighed the appellant's contention that she did not receive it. ID at 5. The appellant reiterates on review her contention below that she did not receive the decision notice, PFR File, Tab 1 at 3-4, but she identifies no evidence of record that the administrative judge failed to consider, and we discern no error in the administrative judge's conclusion that the appellant received the decision notice on December 11, 2015. Because the appellant received the decision notice on December 11, the deadline for filing an appeal was January 11, 2016, not January 10, 2016, as the administrative judge

---

[2] The thirtieth day after the effective date of the removal was Saturday, January 9, 2016, so the actual filing deadline would have been the next day on which the Board was open for business, or Monday, January 11, 2016. 5 C.F.R. § 1201.23.

mistakenly found, because January 10, 2016, was a Sunday.  5 C.F.R. § 1201.23. Thus, the appeal was approximately 2 months untimely filed.

¶6        To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her appeal.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7        The appellant's only argument concerning good cause is that she did not receive the decision notice.  Evidence that a document was sealed, properly addressed, and deposited in the U.S. Mail with postage prepaid creates a rebuttable presumption that the letter reached the addressee in due course of the mails.  *Speaker v. Office of Personnel Management*, 45 M.S.P.R. 380, 384 (1990), *aff'd*, 928 F.2d 410 (Fed. Cir. 1991).   The agency's evidence is certainly sufficient to trigger a rebuttable presumption of delivery and receipt.  Lesser evidence is required to raise a presumption of delivery and receipt than is required to rebut a presumption of delivery and receipt.  *Blue v. U.S. Postal Service*, 65 M.S.P.R. 370, 375 n.2 (1994), *aff'd*, 65 F.3d 188 (Fed. Cir. 1995) (Table).  The appellant has offered no persuasive evidence to corroborate her unsworn assertion that she did not receive the decision notice, and there is otherwise no corroborating evidence, such as evidence that the U.S. Postal Service returned the notice to the agency, that supports her claim.  *Dean v. Office of Personnel Management*, 93 M.S.P.R. 520, ¶ 13 n.2 (2003), *aff'd*, 110 F. App'x 123 (Fed. Cir. 2004); *Blue*, 65 M.S.P.R. at 375.  Therefore, we agree with the

administrative judge that the appellant failed to establish good cause for the untimely filing of her appeal.[3]

¶8    The appellant's remaining arguments on review concern the merits of the removal action and are not relevant to the timeliness of her appeal. *Helmstetter v. Department of Homeland Security*, 106 M.S.P.R. 101, ¶ 11 (2007); *Marasco v. U.S. Postal Service*, 66 M.S.P.R. 555, 558 (1995). Therefore, we have not considered them.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

---

[3] Because we find that the appellant received the decision notice on December 11, 2015, and that the deadline for filing was January 11, 2016, even if her January 19, 2016 submission met the Board's filing requirements, it would still be untimely filed without a showing of good cause for the delay.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.